United States District Court
for the
Southern District of Florida

| Silk Road Trading & Shipping Co., Ltd., Plaintiff, | ) ) ) | |
|---|---|---|
| v. | ) ) ) | Civil Action No. 20-20409-Civ-Scola |
| World Fuel Services Corporation, Defendant. | ) ) | |

### **Order on the Motion to Dismiss**

Now before the Court is the Defendant World Fuel Services Corporation's ("Fuel Services") motion to dismiss. For the reasons set forth below, the Court **grants** the Defendant's motion (**ECF No. 7**.)

### 1. Background

The Plaintiff Silk Road Trading & Shipping Co., Ltd. ("Silk Road") filed this suit to recover for defective or off-specification fuel that Fuel Services delivered to its vessel in India. (ECF No. 1-1 at ¶¶ 1-4.) The complaint brings claims for breach of contract, contribution, and indemnity. (ECF No. 1-1 at 12-15.) In its motion to dismiss, Fuel Services argues that Silk Road sued the incorrect entity because Fuel Services did not sell the allegedly-defective fuel, Fuel Services is not a party to the contract, and that this is clear from the face of the contract attached to the complaint.

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

### 3. Analysis

Generally, courts may consider the complaint and any documents attached to the complaint at the motion to dismiss stage. *Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) ("Ordinarily we do not consider anything other than the face of the complaint and the documents attached thereto when analyzing a motion to dismiss"). Here, Silk Road attached the invoices of the fuel sale to the complaint. The invoice states that the "seller" is "World Fuel Services (Singapore) Pte Ltd." (ECF No. 1-1 at 18.)

Even though World Fuel Services (Singapore) Pte Ltd is the entity that sold Silk Road the fuel and appears on the invoice, Silk Road sued World Fuel Services Corporation rather than World Fuel Services (Singapore) Pte Ltd ("Fuel Services Singapore"). The complaint does not set forth allegations explaining the relationship between Fuel Services and Fuel Services Singapore, and the response to the motion to dismiss does not explain how Fuel Services could be held liable for damages caused by Fuel Services Singapore's delivery. (ECF No. 1-1, 10.) Instead, Silk Road's response quotes the Marine Group of Companies' Terms and Conditions that provide that the terms and conditions apply to both Fuel Services and Fuel Services Singapore (ECF No. 10 at ¶ 3), and it unhelpfully block quotes the standard that the Court should apply when granting a motion to dismiss (ECF No. 10 at 3-5).

Fuel Services, the Defendant in this case, did not contract with Silk Road for fuel. (ECF No. 1-1 at 18) Therefore, it cannot be sued for breach of contract. *Mustakas v. Integon Nat'l Ins. Co.*, 2019 WL 6324259 at *2 (S.D. Fla. 2019) (Rosenberg, J.) ("[o]rdinarily, only parties to a contract or third-party beneficiaries have standing to sue for breach of contract"). Nor can Fuel Services be sued for common law indemnity or contribution because from the face of the invoice, it is clear that Fuel Services Singapore, not Fuel Services, sold Silk Road the fuel. (ECF No. 1-1 at 18.) Silk Road has not disputed this, nor have they demonstrated another way to hold Fuel Services liable for Fuel Services Singapore's sale.

### 4. Conclusion

In sum, the Court **grants** Fuel Service's motion to dismiss without prejudice (**ECF No. 7**). Silk Road has not requested leave to amend; nor has it indicated in its response to the Defendants' motion any inclination whatsoever to do so. The Court thus dismisses the aforementioned claims **without leave to amend**. *Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his

complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Avena v. Imperial Salon & Spa, Inc.*, 17-14179, 2018 WL 3239707, at *3 (11th Cir. July 3, 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.").

**Done and ordered** at Miami, Florida, on March 20, 2020.

_____
Robert N. Scola, Jr.
United States District Judge