United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Silk Road Trading & Shipping Co., Ltd., Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 20-20409-Civ-Scola |
| World Fuel Services Corporation, Defendant. | ) ) ) | |

### Order On the Plaintiff's Motion For Reconsideration

The Plaintiff has asked the Court to reconsider its previous ruling, under Federal Rule of Civil Procedure 60(b)(1), in granting the Defendant World Fuel Services Corporation's motion to dismiss. For the reasons set forth below, the Court **denies** the Plaintiff's motion for reconsideration (**ECF No. 12**).

Federal Rule of Civil Procedure 60(b) provides that "a court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . ." Fed. R. Civ. P. 60(b)(1). The Plaintiff contends that its failure to sue the proper Defendant constitutes mistake or excusable neglect within the meaning of Rule 60(b). For purposes of Rule 60(b), a court's determination of what constitutes excusable neglect is an "equitable decision" that turns on "all relevant circumstances surrounding the party's omission." *United States v. Avila-Torres*, 2019 WL 2177342, *4 (S.D. Fla. May 20, 2019) (Scola, J.) (quoting *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996)). "To prevail on this ground, the appellant has the burden to demonstrate a justification so compelling the court was 'required' to vacate its order." *Munchin v. Potter*, 174 Fed. App'x 489, 490 (11th Cir. 2006). "Generally, such relief is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Id.* (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

The Court is not convinced that the Plaintiff's failure to sue the correct party could constitute "mistake" or "excusable neglect." Generally, Rule 60(b)(1) can relieve a party from a final judgment entered as a result of a defect such as a "miscommunication or clerical error." *United States v. Davenport*, 668 F.3d 1316, 1324 (11th Cir. 2012). For example, Rule 60(b)(1) is commonly used to relieve parties from default judgments "where the attorney's failure to comply with a filing deadline is attributable to negligence." *Cheney*, 71 F.3d at 850. However, 60(b)(1) is generally not applied in situations like this one, and the

Court notes that the Plaintiff failed to cite a single case where any court held that a plaintiff accidentally suing the incorrect party constituted mistake or excusable neglect under Rule 60(b)(1).

Moreover, the equities in this case weigh in favor of denying the motion because the Plaintiff could have amended the complaint to add the correct entity before entry of the final judgment and because the final judgment in this case does not prevent the Plaintiff from suing the correct entity now. The Plaintiff knew or should have known which entity to sue because the entity name was on the sales invoices attached to its complaint. But, the Plaintiff certainly knew that it had sued the wrong entity once the Defendant filed its motion to dismiss asserting this defense. (ECF No. 7.) The Plaintiff could have amended its complaint at that juncture to include the correct entity. *See* Fed. R. Civ. P. 15(a)(1). Plaintiff's counsel was therefore afforded the opportunity to fix the mistake but declined to do so. The Court also notes that the final judgment in this case does not prevent the Plaintiff from suing the correct entity in a new civil action.

In sum, the Court **denies** the Plaintiff's motion for reconsideration (**ECF No. 12**).

**Done and ordered** at Miami, Florida, on April 17, 2020.

_____
Robert N. Scola, Jr.
United States District Judge